Nash, J.
 

 The action is in debt, and brought on ajudg< merit, rendered against the defendant in favor of the plaintiff in the State of Georgia. That judgment, was obtained at October Term 1S37 ol Habersham Superior Court, and an execution issued irom that Term to the April Term 1838 of the said Court. On the 20th November 1837 the sheriff returned the writ, with the endorsement “ no property.” No other execution issued on the judg«. ment. The writ, in this case, issued on the 4th of March 184S. The defendant, among other defences, pleaded “ payment” and it was insisted by him. that more than ten years had elapsed since the judgment was obtained and before the issuing of the writ in this case. The plaintiff insisted,that the presumption of payment did notarise —first, because ten years had not elapsed from the term of the Court., to which the
 
 fufa,
 
 issued on the said judgment was made returnable and the commencement, of this suit; secondly, because the statute, giving the presumption, was not sufficiently pleaded ; and thirdly, because the statute did not apply to a judgment obtained in Georgia, where no such statute existed. The Court was of opinion, that, from the lapse of time, a presumption arose, that the judgment, upon which this action is brought, was paid, and that presumption operated upon a judgment obtained in another State, as well as one obtained in this. The jury found a verdict for the defendant, and the plaintiffappealed.
 

 Under the view we have taken of this case, it is not necessary for us to express any opinion upon the question, whether the Act of 182(5 applies to a judgment obtained in a sister State, lor, whether it docs or not, the presumption of payment does not arise here. The act provides,
 
 *264
 
 that, the presumption of payment or satisfaction of all judgments, &c., shall arise within ten years after the cause of action on the same accrues, &c. Rev. St. cb. (55, sec. 19. The question then is, from what period does the act begin to operate ? Literally, from the rendition of the judgment, for then the plaintiff can bring his action upon it. Was that the meaning of the Legislature ? — We presume not; for the act goes on to provide, that the action shall be brought under the same rules, regulations and restrictions, as now exist at law. The statute of limitations does not apply to either bonds or judgments. With respect to the former, the doctrine of twenty years, raising a presumption of payment, was at an early period laid down by Lord Hale, who thought it merely a circumstance from which a jury might presume payment. The rule was followed, until at length it became the settled law of the Court. It was, however, a presumption, which ceased to exist, when a sufficient cause was shewn, why the action had not been sooner brought. Thus,when it is shewn that the debtor has been insolvent and unable to pay.
 
 Hull
 
 v.
 
 Horace.
 
 Cow. 109. So when a receipt for interest is endorsed on the bond by the payee, if it appears to have made at a period, when it was not the interest of the payee to make it, as when the twenty years had not elapsed at the time of the endorsement. —
 
 Tucker
 
 v.
 
 Crisp,
 
 Sh. 827.
 
 Rose
 
 v.
 
 Bryant,
 
 2
 
 Camp. N.
 
 P. 321. So when a demand has been made within the twenty years.
 
 Oswald
 
 v.
 
 Legh,
 
 1st Term. Rep. 270.
 

 The principle, established by these cases, is, that when the plaintiff shows that he could have derived no benefit by bringing his action sooner, or that the defendant has, within the twenty years, acknowledged the debt to be a subsisting one, by either paying interest on it, or by promising to pay it, or that, within the prescribed period, he, the plaintiff, lias demanded payment, in other words has been endeavoring to get his debt paid, the presump
 
 *265
 
 tion of payment will not arise. Such were the rules and regulations, governing the presumption of payment at common law upon the lapse of time. In this case, the judgment was obtained at October term 1S37 of the Court. From that term an execution issued, returnable to April term 183S. The legal time, which that execution had to run, was six months, to-wit, “until the first day of the Court in April;” and in contemplation of law, up to that time, the plaintiff was endeavoring to collect his judgment. So far as his rights were concerned, in this particular, the return of it by the officer in November 1837 bad no effect. It was the act of the officer, voluntary on his part, and done, most probably, to free himself from the custody of the process. As evidence, that its return did not affect the rights of the plaintiff, on the question we are now considering, if he had caused an
 
 alias fi. fa.
 
 to issue from the April term 1838 of Habersham Superior Court, the law would have considered it so connected with the preceding one, that the defendant would have had no power to dispose of his property, between the time, when the first writ was actually returned and the issuing of the alias, so as to defeat the latter. The lien, created by the original, would have been continued in the
 
 alias. Gilky
 
 v.
 
 Dickinson, 2
 
 Haw. 341. In law, then, the plaintiff was endeavoring to enforce his judgment up to April term 1838, of the Court, in which it was obtained. The time specified in the act did not expire until April 1848. The writ in this suit was issued in March of that year. Suppose that executions had regularly issued from time to time of Habersham Superior Court, could it be pretended, that a presumption of payment or of abandonment of his claim by the plaintiff could have arisen ? Very clearly not. And why not? Simply, because, it would be manifest, he had not abandoned his claim, which would rebut the idea of a payment. So here, ten years have not elapsed, since the plaintiff ceased
 
 *266
 
 to prosecute his claim under his judgment and the issuing of his writ. The legal presumption authorised by the act of 1826 does not arise in the case.
 

 By the plaintiff, it is further objected that the statute is not sufficiently pleaded. We think, the plea of payment is sufficient; the statute need not be pleaded; it only raises a presumption, which is evidence under the plea of payment.
 

 Per Curjam. Judgment reversed and
 
 venire de now.